UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUAN JIMENEZ,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>SERGEANT MILLER,<br><br>　　　　　　　Defendant. | Case No. 1:19-cv-00504-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in the prisoner civil rights action of Plaintiff Juan Jimenez is Defendant Sergeant Miller's Motion to Dismiss on grounds of failure to exhaust administrative remedies. Dkt. 18. The motion is now fully briefed, with Plaintiff having filed a "Motion Opposing Defendant's Motion to Dismiss," instead of a response, and Defendant having responded to that Motion. Dkts. 23, 24. All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73; Dkt. 17.

Having reviewed the parties' briefing, the Court has determined that oral argument is unnecessary and enters the following Order.

# REVIEW OF MOTION TO DISMISS

1.  **Standard of Law**

    Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] prisoners are required to exhaust all available prison administrative remedies before they can bring their claims in a new or ongoing civil rights lawsuit challenging the conditions of their confinement. 42 U.S.C. § 1997e(a); *see Cano v. Taylor*, 739 F.3d 1214, 1220-21 (9th Cir. 2014) (holding that a claim may be exhausted prior to filing suit or during suit, so long as exhaustion was completed before the first time the prisoner sought to include the claim in the suit). "Proper" exhaustion of administrative remedies is required, meaning that the prisoner must comply "with [the prison's] deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Courts may not engraft an unwritten 'special circumstances' exception" to excuse a prisoner's failure to follow prison policies governing administrative remedies "onto the PLRA's exhaustion requirement." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). Rather, the Supreme Court observed, "[t]he only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Id.*

    "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

(2007). Proper exhaustion is required "even where it may appear futile." *Nunez v. Duncan*, 591 F.3d 1217, 1231 (9th Cir. 2010) (quoting *Booth v. Churner*, 532 U.S. 731, 741 (2001)). The exhaustion requirement supports the important policy concern that prison officials should have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204. As the PLRA intended, all motions addressing exhaustion of administrative remedies, including "disputed factual questions relevant to exhaustion[,] should be decided at the very beginning of the litigation." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc).

The defendant bears the ultimate burden of proving failure to exhaust. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). If the defendant initially shows that (1) an available administrative remedy existed and (2) the prisoner failed to exhaust that remedy, then the burden of production shifts to the plaintiff to bring forth evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

If a prisoner has failed to exhaust available administrative remedies, the appropriate remedy is dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003), *overruled in part on other grounds by Albino*, 747 F. 3d 1162.

**MEMORANDUM DECISION AND ORDER - 3**

2. **Relevant Factual Allegations**

On or about December 12, 2018, Defendant Sergeant Miller allegedly placed Plaintiff in danger by putting him in the same cell with an active gang member who had a documented history of a grudge and an assault against Plaintiff. The gang member assaulted Plaintiff, causing him mouth lacerations, shoulder damage, and psychological and emotional injury.

Plaintiff asserts federal civil rights and state law negligence claims in his lawsuit filed on December 1, 2019 (mailbox rule). He seeks monetary damages and injunctive relief.

It is uncontested that the three-step IDOC grievance process is as follows:

> First, the offender must seek an informal resolution of the matter by completing an Offender Concern Form to be sent to the Correctional Officer most capable of responding to and resolving the issue. Barney Dec., at ¶ 5-6. Second, if informal resolution cannot be accomplished, the offender must complete a Grievance Form containing specific information, including the nature of the complaint, date, place, and names of the specific issue being grieved. *Id.*, ¶ 7. The Grievance Form is required to be filed within thirty (30) days of the incident or problem that is the basis for the grievance. *Id.* Notably, the offender must suggest a solution to the issue and can only raise one specific issue per grievance. Lastly, if the offender is not satisfied with the response to his Grievance Form, he may file an appeal, but must do so within fourteen (14) days of receiving the response. *Id.*, ¶¶ 5-9.
>
> The offender grievance process is exhausted only upon completion of all three steps, i.e., (1) Offender Concern Form, (2) Grievance Form, and (3) Grievance Appeal. *Id.*, ¶ 11. An offender who does not file a Grievance Form, files a grievance outside the time limit, or fails to appeal the response to such grievance, did not complete the IDOC grievance process and thus has not exhausted his or her

administrative remedies. *Id*. When a Grievance Form is incorrectly filled out, it is sent back to the Offender with instructions as to correcting the issue and filed as Returned Without Action ("RWA"). Barney Dec., ¶ 8. Moreover, all IDOC inmates are instructed and trained on the use of the three-step grievance process outlined above. *Id*., ¶ 16.

In support of his Motion to Dismiss based on failure to exhaust administrative remedies, Defendant Sergeant Miller alleges as follows:

> Plaintiff filed a grievance form on December 24, 2018, which was returned without action because it did not have a concern form attached to it. See Barney Declaration, Exhibit D. Because this grievance form did not satisfy the requirements of the IDOC grievance process, it did not "count" as a grievance. *Id*., ¶ 8.
>
> Additionally, Plaintiff filed a grievance form on January 7, 2019 asserting that he was a former gang member and that staff had put him in a dangerous situation by housing him with an active gang member. *Id*., Exhibit E.
>
> Defendant provided an initial response to that grievance form, indicating that there was no evidence that Plaintiff was a former gang member and, in fact, evidence showed that he was actively engaged in gang violence, including at least two fights in the prior eighteen months. *Id*.
>
> Upon secondary review, David E. Dietz concurred with Defendant's understanding of the facts.
>
> Plaintiff did not thereafter seek "Level 3" appellate review or appeal the grievance further. *Id*.

Dkt. 18-1, pp. 2-3.

In response, Plaintiff asserts that he "did exhaust his remedies as presented to him" and cites only to the January 7, 2019 grievance.[1] Dkt. 23, p. 1. Prison officials responded to that grievance, as set forth above. Dkt. 23, pp. 3-4. It is undisputed that the grievance form shows that Plaintiff did not file an appeal, which would have been done on the same form. *Id.*, p. 4. Plaintiff does not assert that he filed an appeal.

### 3. Discussion and Conclusion

The issue before the Court is simple and straightforward. Plaintiff was required to file a grievance appeal before bringing a lawsuit. He completed the first two steps in the grievance process, but failed to complete the required third step. Accordingly, his Complaint is subject to dismissal without prejudice. Unfortunately, because it is now too late to file a new lawsuit because of the two-year statute of limitations, the dismissal is the functional equivalent of a dismissal with prejudice.

### ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel Service (Dkt. 9) is DENIED as MOOT. Defendant Miller has responded to the Complaint by filing a pre-answer motion, which is permissible.

2. Defendant's Motion to Dismiss (Dkt. 18) is GRANTED.

3. Plaintiff's Motion Opposing Motion to Dismiss (Dkt. 23) is DENIED.

---

[1] There is a dispute whether Plaintiff submitted a tort claim to be able to pursue his supplemental jurisdiction state law claims, but that fact is not relevant to the limited exhaustion issue presented here, which governs the primary federal claims.

4. Plaintiff's entire case is DISMISSED without prejudice for failure to properly exhaust administrative remedies before filing a civil complaint in federal court.

DATED: June 8, 2021



Honorable Ronald E. Bush
Chief U. S. Magistrate Judge